Franklin,
January,
1826.

ELIJAH BAKER, plaintiff below, *vs.* SARDIUS BLODGET, defendant
below.—*IN ERROR.*

An appeal lies from the judgment of a justice of the peace, rendered in an action commenced on a
note or settled account under the sum of *twenty dollars*, notwithstanding the proviso to the first
section of the act of 1821, (Stat. 139, ch. 9, No. 9) where a demand exceeding twenty dollars is
pleaded in offset, in such action.

THIS was a writ of error, brought to reverse a judgment of
Franklin county court.

Plea, in *nullo est erratum.*

The case was submitted on the record and briefs of counsel,
without argument. The error assigned will distinctly appear
from the following opinion of the Court, which was pronounc-
ed by

PRENTISS J. This is a writ of error to reverse the judgment
of the county court, in an action originally commenced before a
justice of the peace, and removed to that court by appeal. From
the record, it appears that the action was brought by the plain-
tiff, on a note of hand, for the sum of $12,64, and that the de-
fendant appeared before the justice, and pleaded in offset a book
account, amounting to $26,50. A trial was had, and the justice
found the sum of $8,48 in arrear from the plaintiff, and render-
ed judgment for the defendant to recover that sum, and his
costs. The plaintiff claimed an appeal, which was allowed, and
entered in the county court. The county court, on motion of
the defendant, dismissed the appeal, and rendered judgment for
the defendant to recover his costs, on the ground that the judg-
ment of the justice was final, and the county court had no ap-
pellate jurisdiction in the case.

The question presented by the record, and the only one to
be decided, is, whether the appeal properly lay from the judg-
ment of the justice, and the county court erred in dismissing it.
There is no doubt that the appeal was regularly allowed, and
ought to have been sustained, unless it was taken away by the
last clause of the 1st section of the act of 1821 (*Comp. Stat. p.*
139.) That section, after giving jurisdiction to justices of the
peace, of all pleas and actions of a civil nature, other than ac-
tions for slanderous words, &c. where the debt or other matter
in demand does not exceed the sum of one hundred dollars, and
allowing the same right of appeal given by the act of 1797, pro-
vides, "*that no appeal shall be allowed, in any action brought on
notes of hand and settled accounts, if such notes or settled accounts
shall not exceed the sum of twenty dollars.*" Notwithstanding the
case before us may be within the letter of this provision of the
statute, yet, if it is not within its true intent and meaning, it is
not to be considered within it. It is laid down as a rule, that
the intention of the makers of a statute is to be pursued in the
construction of it; and it is the duty of the Court so to construe
it, that it may have a reasonable effect agreeably to the inten-
tion, although such construction may not comport with the liter-

Franklin,
January,
1826.

Baker
vs.
Blodget.

al import of the statute (*Plowd.* 231.—11 *Co.* 73.—2 *H. Blac.* 463. —3 *Mass.* 540.) Hence, except in the case of penal statutes, an equitable construction is allowed, and often becomes necessary, so that cases within the letter shall not be considered within the meaning, and cases not within the letter shall be considered within the meaning; for a case which is within the intention, is as much within the statute, as if it were within the letter; and a case which is within the letter, is not within the statute, unless it be within the intention. (*Plowd.* 465.—15 *Johns. R.* 358. —14 *Mass.* 88.) The intention, however, must be clear and manifest, and is to be collected from the statute itself, or from that connected with other statutes *in pari materia*, for courts are not to assume a legislative power, and create law, but are to expound the law already made, from the law itself, according to known and established rules. The reason of taking away the right of appeal, in actions on notes of hand and settled accounts not exceeding twenty dollars, is very apparent from the statute itself. It was considered, that demands of that nature carried with them so much certainty, and were generally so free from dispute, that sound policy required, that the judgment of a justice upon them, when they did not exceed twenty dollars, should be final; and that to allow an appeal, would only lead to useless delay and expense. Such being the reason of the law, the restriction upon the right of appeal ought not to be extended beyond it, or applied to any case which is manifestly not within the intention of the law. The 2d section of the statute gives to the parties, in actions before a justice of the peace, the mutual right of pleading in offset any demands, arising *ex contractu*, within the jurisdiction of a justice, and the justice is to render judgment for such sum, as he shall find in arrear from either party. Under this section of the statute, the defendant, in an action brought on a note of hand not exceeding twenty dollars, may plead in offset a demand of one hundred dollars, and the plaintiff may likewise plead in offset to the defendant's demand a sum of one hundred dollars, and the trial may principally proceed, and indeed the whole dispute rest, on the offsets. The justice, in such case, would take cognizance of demands to the amount of more than two hundred dollars, involving, perhaps, much perplexity and dispute, and might render judgment for a balance, at least, of one hundred dollars. It surely could not have been intended to take away the right of appeal in such case, for the case is clearly not within the reason of the law restricting the right of appeal. The reason of the case requires, that an appeal should be allowed, as much as if the action had been brought on either of the demands pleaded in offset. If the demand of which the justice takes cognizance, would, from its nature or amount, give a right of appeal, if it were made the foundation of the action, it must have the same effect, when introduced into, and made a part of the action, by way of offset. To hold otherwise, would be unreasonable and inconsistent, and against the manifest intention of the statute.

*Franklin, January, 1826.*

*Baker vs. Blodget.*

From a just construction of the statute, therefore, an appeal lies in every case, where the matter in offset would have entitled the parties to an appeal, if the action had been brought upon it. This is as far as it is necessary to go, for the purpose of deciding the case before us; and we refrain from giving any opinion, whether the right of appeal might, or might not exist, in a case not coming within this principle. However that may be, as the matter pleaded in offset, in this case would have entitled the parties to an appeal, if the action had been brought upon it, the case is clearly not without the provision of the statute. It has been urged, that the construction we have adopted, will always enable the defendant to evade the statute, and entitle himself to an appeal, by pleading a mere fictitious demand in offset. The Court certainly would not suffer the defendant to secure to himself an opportunity to litigate the plaintiff's demand a second time, by a fraud of this sort; and whenever a case of the kind occurs, it will be the duty of the Court, in any stage of the proceedings, when the fraud appears, to dismiss the appeal, and punish the defendant with costs. As we are all clearly of opinion, that the appeal well lay in this case, and ought to have been sustained, the judgment of the county court must be reversed.             Judgment reversed.

*J. P. Richardson,* for the plaintiff.

*B. Swift* and *J. Smith,* for the defendant.